## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TEDDY SCOTT AND MELANIE SCOTT**            **,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **Case No. 16-1440** |
| **DYNO NOBEL, INC.,** | ) ) ) |
| **Defendant.** | ) ) |
| *SERVE AT:* | ) |
| *CT Corporation System* | ) |
| *120 South Central Avenue* | ) |
| *Clayton, Missouri 63105* | ) |

## COMPLAINT

COME NOW Plaintiffs, Teddy Scott ("Scott") and Melanie Scott ("Melanie"), by and through their attorneys, SL Chapman LLC, and for their Complaint against Defendant, Dyno Nobel, Inc. ("Dyno"), state as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1.      This Court has subject matter jurisdiction with regard to this lawsuit pursuant to 28 U.S.C. Section 1332(a) in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      At all times relevant to this lawsuit, Scott was a citizen and resident of the State of Kentucky.

3.      At all times relevant to this lawsuit, Melanie was Scott's lawfully-wedded spouse and was a citizen and resident of the State of Kentucky.

4.      At all times relevant to this lawsuit, Dyno was a Delaware corporation with the principal office for the transaction of its business in Salt Lake City, Utah.

5.      At all times relevant to this lawsuit, Dyno owned and operated an ammonia nitrate manufacturing facility located at 11025 Highway D in Louisiana, Pike County, Missouri.

6.      Ammonia is used at this Dyno facility as a raw material to make nitric acid, a material considered hazardous by the Environmental Protection Agency ("EPA").  Because of the toxic chemicals and substances used and made at its facility, Dyno is regulated by the EPA's Accidental Release Prevention Program and its Accidental Release Program, as part of The Clean Air Act Amendments of 1990; and by the United States Department of Labor, Occupational Health & Safety Administration's Process Safety of Highly Hazardous Chemicals standard, 29 CFR Section 1910.119.

7.      This Court has personal jurisdiction over Dyno by virtue of the fact that Dyno owned and operated the ammonia nitrate manufacturing facility in Louisiana, Missouri, and otherwise conducted business at this facility and at another Missouri facility located at or near Carthage, Missouri, at all times relevant to this lawsuit.

8.      At all times relevant to this lawsuit, Calumet Lubricants Co. ("Calumet") owned and operated a synthetic lubricants manufacturing facility located at 11089 Highway D in Louisiana, Pike County, Missouri.

9.      At all times relevant to this lawsuit, and upon information and belief, Calumet contracted with Bilfinger Westcon, Inc. ("Westcon"), as general contractor, for certain work to be performed on Calumet's synthetic lubricants facility in Louisiana, Missouri.

10.     At all times relevant to this lawsuit, and upon information and belief, Bilfinger Westcon subcontracted with Ardent Services LLC ("Ardent"), as subcontractor, for Ardent to

perform certain and various electrical contracting services at Calumet's synthetic lubricants facility in Louisiana, Missouri.

11.     At all times relevant to this lawsuit, Scott was an electrical foreman for and an employee of Ardent.  The overwhelming percentage of Scott's work time on this Calumet project was spent outdoors exposed to the elements and ambient air.

12.     On Friday, March 20, 2015, Scott was working for Ardent outdoors on the property of Calumet, which was adjacent to the industrial plant owned and operated by Dyno. Specifically, Scott was working at or near the so-called "truck load-out" and/or "train load-out" area of the Calumet facility.

13.     On Friday, March 20, 2015, at about 8:15 a.m., there was a negligent sudden and unexpected discharge into the air of a reddish-looking cloud of a gaseous substance from one of the Dyno smokestacks on the Dyno industrial plant.  This discharge of a reddish-looking gaseous substance, which turned out to be nitric acid, eventually filtered its way over to, above, and on the Calumet premises and into the working environment of the Westcon and Ardent workers. Scott was personally and substantially exposed to and confronted with the reddish-looking cloud of nitric acid and ingested and breathed in the same into his respiratory system and person.

14.     As a direct and proximate result of being exposed to toxic nitric acid from the Dyno discharge from its smokestack, Scott sustained serious and permanent personal injuries, all as is more specifically alleged below.

15.     As a direct and proximate result of her husband, Scott, experiencing serious and permanent personal injuries, Melanie has lost the consortium and services of her husband, Scott.

3

## COUNT I---SCOTT---NEGLIGENCE---DYNO NOBEL INC.

16.    Scott incorporates by reference as if fully set forth herein the General Allegations Applicable to All Counts.

17.    At all times relevant to this lawsuit, Dyno had the duty to manage and operate its ammonia nitrate manufacturing facility in a reasonable manner and in such a way and manner as to avoid the discharge of highly toxic substances, including nitric acid, into the air from its smokestacks, when it was foreseeable that such discharges of nitric acid might or could drift onto and into the working environment of workers working outdoors at the immediately-adjacent Calumet synthetic lubricants facility.

18.    Dyno breached and violated its duty to manage and operate its ammonia nitrate manufacturing facility in a reasonable manner, and was otherwise negligent in the discharge incident of March 15, 2015, in one or more of the following respects:

a.    It allowed nitric acid to escape from one of its smokestacks and into the air when it knew, or should have known, that by doing so it would cause workers, including Scott, working on the immediately-adjacent industrial facility, to become directly exposed to a very highly toxic substance;

b.    It failed to follow its own policies and procedures which were designed to prevent such discharges of toxic substances into the ambient air;

c.    It failed to warn workers, including Scott, that nitric acid might or could come spewing out of one of its smokestacks and into the working environment of workers working outdoors on the immediately-adjacent Calumet facility;

4

d.  It failed to follow its own policies and procedures which were designed to be put in play in the event of an unexpected discharge of nitric acid into the ambient air and which were intended to minimize the risks associated with such discharges.

19.   As a direct and proximate result of one or more of the foregoing acts and omissions of negligence on the part of Dyno, Plaintiff, Teddy Scott, sustained serious, permanent and debilitating personal  injuries, including but not limited to severe migraine headaches, various severe respiratory, pulmonary, and neurological disorders, passing-out episodes, a low back injury due to one of his passing-out episodes, and others; has incurred and will incur into the indeterminable future medical expenses for necessary and appropriate medical treatment for his injuries; has experienced and will experience into the indeterminable future pain and suffering associated with his injuries; has lost income and will lose income into the indeterminable future as a result of the injuries to his person and psyche; has experienced and will experience into the indeterminable future situational depression, anxiety, mental anguish and frustration both with the nature, extent, and seriousness of his personal injuries and their effect on his ability to make a substantial living; has lost and will continue to lose into the indeterminable future what was for him was a normal life; and has sustained severe and permanent disability.

WHEREFORE, Plaintiff, Teddy Scott, prays that Judgment be granted in his favor and against the Defendant, Dyno Nobel, Inc., on Count I of his Complaint in an amount greater than $75,000.00, exclusive of interest and costs; for his taxable Court costs herein; and for such other and further relief as this Court may deem to be equitable and just.

**PLAINTIFF DEMANDS OF JURY TRIAL OF SIX ON ALL COUNTS**

### COUNT II---MELANIE SCOTT---NEGLIGENCE---DYNO NOBEL INC.

20.     Plaintiff incorporates by reference the General Allegations section and Count I of the Complaint.

21.     As a direct and proximate result of the foregoing acts and omissions of negligence on the part of Dyno, Plaintiff, Melanie Scott, has lost the consortium and services of her husband, Scott, all to her severe and permanent detriment.

WHEREFORE, Plaintiff, Melanie Scott, prays that Judgment be granted in her favor and against the Defendant, Dyno Nobel, Inc., on Count II of her Complaint in an amount greater than $75,000.00, exclusive of interest and costs; for her taxable Court costs herein; and for such other and further relief as this Court may deem to be equitable and just.

### PLAINTIFF DEMANDS OF JURY TRIAL OF SIX ON ALL COUNTS

### COUNT III---TEDDY SCOTT---STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITIES---DYNO NOBEL INC.

22.     Plaintiff incorporates by reference as if fully set forth herein the General Allegations section and Count I of the Complaint.

23.     Due to the highly dangerous nature of the manufacturing processes involving the highly hazardous and toxic chemicals and substances at the Dyno manufacturing facility in Louisiana, Missouri, Dyno is to be held strictly liable for the personal and emotional injuries sustained by Scott herein.

24.     As a direct and proximate result of one or more of the foregoing acts and omissions of negligence on the part of Dyno, Plaintiff, Teddy Scott, sustained serious, permanent and debilitating personal   injuries, including but not limited to severe migraine headaches,

6

various severe respiratory, pulmonary and neurological disorders, passing-out episodes, a low back injury due to one of his passing-out episodes, and others; has incurred and will incur into the indeterminable future medical expenses for necessary and appropriate medical treatment for his injuries; has experienced and will experience into the indeterminable future pain and suffering associated with his injuries; has lost income and will lose income into the indeterminable future as a result of the injuries to his person and psyche; has experienced and will experience into the indeterminable future situational depression, anxiety, mental anguish and frustration both with the nature, extent, and seriousness of his personal injuries and their effect on his ability to make a substantial living; has lost and will continue to lose into the indeterminable future what was for him was a normal life; and has sustained severe and permanent disability.

WHEREFORE, Plaintiff, Teddy Scott, prays that Judgment be granted in his favor and against the Defendant, Dyno Nobel, Inc., on Count III of his Complaint in an amount greater than $75,000.00, exclusive of interest and costs; for his taxable Court costs herein; and for such other and further relief as this Court may deem to be equitable and just.

**PLAINTIFF DEMANDS OF JURY TRIAL OF SIX ON ALL COUNTS**

**COUNT IV---MELANIE SCOTT---STRICT LIABILITY--- DYNO NOBEL INC.**

25.    Plaintiff incorporates by reference the General Allegations section and Count I of the Complaint.

26.    Due to the highly dangerous nature of the manufacturing processes involving the highly hazardous and toxic chemicals and substances at the Dyno manufacturing facility in Louisiana, Missouri, Dyno is to be held strictly liable for the personal and emotional injuries

sustained by Teddy Scott herein, and therefore is to be held strictly liable for the loss of consortium damages sustained and experienced by Melanie Scott herein.

27.     As a direct and proximate result of the foregoing acts and omissions of negligence on the part of Dyno, Plaintiff, Melanie Scott, has lost the consortium and services of her husband, Scott, all to her severe and permanent detriment.

WHEREFORE, Plaintiff, Melanie Scott, prays that Judgment be granted in her favor and against the Defendant, Dyno Nobel, Inc., on Count IV of her Complaint in an amount greater than $75,000.00, exclusive of interest and costs; for her taxable Court costs herein; and for such other and further relief as this Court may deem to be equitable and just.

**PLAINTIFF DEMANDS OF JURY TRIAL OF SIX ON ALL COUNTS**

DATED this 9th day of September, 2016.

RESPECTFULLY SUBMITTED,

BY:     /s/ Robert W. Schmieder II
        Robert W. Schmieder II
        robs@slchapman.com
        SL Chapman, LLC
        330 North Fourth Street, Suite 330
        St. Louis, Missouri 63102
        Telephone:  (314) 588-9300
        Fax:  (314) 588-9302