IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TEDDY SCOTT AND MELANIE SCOTT, )
)
)
Plaintiffs, )
)
v. ) Case No. 4:16CV1440HEA
)
DYNO NOBEL, INC., )
)
Defendant. )

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, [Doc. #7.]. Plaintiffs have responded in opposition. Defendant has filed a Reply. For the reasons set forth below, the Motion is Granted.

## Facts and Background

This matter was commenced on September 9, 2016, by the filing of a Complaint. Plaintiff alleges while working at a neighboring property, he was exposed to harmful substances allegedly emitted from Dyno Nobel's ammonium nitrate manufacturing plant in Louisiana, Missouri. He alleges the harmful substances were discharged from the smokestack of Dyno Nobel. As direct and proximate result of this conduct, he sustained serious and permanent personal

injuries. Melanie Scott alleges loss of consortium resulting from these serious and permanent injuries sustained by her husband Teddy Scott.

In Count I, Plaintiff Teddy Scott alleges that Defendant had a duty to manage and operate its manufacturing facility in a reasonable manner and in a manner so as to avoid discharge of highly toxic substances from its smokestacks when it was foreseeable that the discharge of those substances could drift into the working environment of workers at the Calumet facility. Plaintiff further alleges that defendant breached its duty and as a direct and proximate cause Plaintiff was damaged. In Count III Plaintiff alleges that Defendant should be held strictly liable for the personal and emotional injuries of Plaintiff. It is further alleged that Plaintiff sustained serious, permanent and debilitating injuries resulting from the highly hazardous and toxic chemicals and substances from the Defendant's manufacturing facility. Counts II and IV are alleged Loss of Consortium claims prosecuted by Melanie Scott, in her capacity as the spouse of Plaintiff Teddy Scott.

The Complaint alleges: Plaintiff was working for Ardent on property of Calumet. This property was adjacent to Defendant property. Scott was an electrical foreman for and an employee of Ardent. Calumet Lubricants Co. ("Calumet") owned and operated a synthetic lubricants manufacturing facility located at the property where Plaintiff Scott was working. While he was working at that location, there was a sudden and unexpected discharge of a reddish-looking

cloud from the Dyno smokestacks. The discharge turned out to be nitric acid. Plaintiff inhaled the nitric acid into his respiratory system and sustained serious and permanent personal injuries. Melanie Scott alleges that due to Mr. Scott experiencing these injuries, she lost the consortium and services of her husband.

## Standard

Fed.R.Civ.P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Twombly,* 550 U.S. at 555).

Further, with regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ... *see, e.g., ... Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Twombly,* 550 U.S. at 555–56. *See also Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir.2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting *Stalley v. Catholic Health Initiative,* 509 F.3d 517, 521 (8th Cir.2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ." *Twombly,* 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## Discussion

In Count I of his complaint, Plaintiff alleges, in Paragraph 18, that Defendant breached and violated its duty to manage and operate its ammonia nitrate manufacturing facility in a reasonable manner, and was otherwise negligent in the discharge on March 15, 2015. This assertion is a legal conclusion, not a factual statement. Plaintiff has not alleged any facts consistent with the view of *Twombly* and *Iqbal*. *See Robbe*, 98 F. Supp. 3d at 1034. ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.' ") (quoting *Stalley v. Catholic Health Initiative,* 509 F.3d 517, 521 (8th Cir.2007)). For this reason, Count I will be dismissed.

Count II is the Loss of Consortium claim prosecuted by Melanie Scott, the wife of Plaintiff Teddy Scott. Needless to say, this claim is derivative of Teddy Scott's negligence claim. Since his Negligence claim is deficient and fails, Count II must necessarily be dismissed.

Count III of Plaintiff's complaint sounds in Strict Liability. The Complaint alleges that Teddy Scott was harmed "as a direct and proximate result" of Dyno Nobel's "acts and omissions of negligence." He pleads in paragraph 23 that "[d]ue to the highly dangerous nature of the manufacturing processes involving the highly hazardous and toxic chemicals and substances at the Dyno manufacturing facility in Louisiana, Missouri, Dyno is to be held strictly liable for the personal and

emotional injuries sustained by Scott herein." Defendant argues the deficiency of the pleading on this count as a basis for dismissal.

Missouri considers six factors to determine whether an activity is abnormally dangerous: (1) the existence of a high degree of risk of harm; (2) the likelihood that the harm will be great; (3) the inability to eliminate the risk by exercise of reasonable care; (4) the extent to which the activity is not a matter of common usage; (5) the inappropriateness of the activity to the place where it is carried on; and (6) the extent to which its value to the community is outweighed by its danger. *Rychnovsky v. Cole*, 119 SW 3d 204 (Mo. Ct. App. 2003); *see also Kirk v. Schaeffler Grp. United States, Inc,* (W.D. Mo. Jul. 13, 2016). Here, the pleading is devoid of any allegations regarding three of the six factors in the abnormally dangerous test: (1) the extent to which the activity is not a matter of common usage; (2) the inappropriateness of the activity to the place where it is carried on; and (3) the extent to which its value to the community is outweighed by its danger. Courts have dismissed claims that fail to properly allege *one* of the six factors. *See Wilson Road Development*, 971 F. Supp. 2d at 917; *see also Rychnovsky v. Cole*, 119 SW 3d 204, 211 (Mo. Ct. App. 2003). Plaintiff here has failed to sufficiently allege three factors. In addition, an abnormally dangerous activity must "be akin to activities involving blasting and nuclear emissions, where the risk of harm simply cannot be lessened by additional precautions and care" and

dismissing the claim because it was "one of negligence, not strict liability". *Wilson Road Development*, 971 F. Supp. 2d at 917.

## Conclusion

Based upon the foregoing, the Court concludes that the Motion of Defendant to Dismiss Plaintiffs' Complaint for Failure to State a Claim upon which Relief can be Granted should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim upon which Relief can be Granted, [Doc. # 7] is granted.

**IT IS FURTHER ORDERED** that Plaintiffs are given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 30th day of January, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE