**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TEDDY SCOTT AND MELANIE SCOTT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-1440 HEA |
| ) | |
| DYNO NOBEL, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Bill of Costs, [Doc. No. 186].

Plaintiffs oppose the motion. For the reasons set forth below, Defendant's Bill of

Costs will be approved, as provided herein.

### Facts and Background

Plaintiffs alleged that while working at the neighboring Calumet facility,

Teddy was exposed to harmful substances allegedly emitted from a smokestack at

Dyno Nobel's Plant. Plaintiffs asserted that the harmful substances were oxides of

nitrogen ("NOx") which are released from the Plant during nitric acid operations.

On August 29, 2018, the Court granted Defendant's Motion for Summary

Judgment, finding that Plaintiff's injury was not foreseeable by Defendant.

Defendant now moves for costs as the prevailing party.

### Standard

Rule 54(d) of the FRCP provides "costs—other than attorney's fees—should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir.2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts [.]" *Brisco–Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir.2002) (internal citations omitted). However, upon objection by the opposing party as to authorized costs, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir.1987).

Plaintiffs have a number of objections to Defendant's Bill of Costs, which the Court will review in turn.

## Discussion

Initially, Defendant concedes that costs associated with expediting deposition transcripts are ordinarily not taxable and has agreed to a reduction of $713.40. Defendant also has agreed to reduce its costs by $390.10 for charges relating to Novitex's "assist[ing] Case Team with Case Documents." Defendant's costs therefore will be reduced by $1103.50.

### Service of process on a deposition not taken

Plaintiffs object to $157.50 for service of process on Scott Rebholz for a deposition that did not occur. The objection is overruled. "'If a witness is subpoenaed to appear at trial in good faith, the costs may be taxed even if the witness does not actually testify.' *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 722 (N.D.Ill.1982); *Chicago Fire Fighters Union Local No. 2 v. City of Chicago,* 2001 WL 40800, *4 (N.D.Ill.2001)." *Baird v. Dolgencorp, L.L.C.,* No. 4:11 CV 1589 DDN, 2013 WL 5106928, at *1–3 (E.D. Mo. Sept. 12, 2013).

### Undocumented photocopy charges and third party document management

Plaintiffs object to Defendant's charge costs of $7,279.45 and $612.36 for photocopies. Plaintiffs object to the lack of specific detail of what was copied,

when it was copied, how many pages were copied or the charge per page.

Defendant has supplemented its Bill of Costs with the invoices for the copies, and

the Court agrees with Defendant that a specific detail of what copies were made is

unnecessarily burdensome.

Plaintiff also objects to the use of management services for discovery

materials.

In this district, such types of costs are taxable:

> [T]his Court is persuaded by the Plaintiffs' argument that discovery-related copying expenses, and not exclusively trial-related copying expenses, fall within the purview of § 1920(4). Following legislative history, Eighth Circuit precedent, and precedent from other circuits, this Court holds that all expenses related to copying and exemplification, whether for production in discovery or for use at trial, are taxable as costs under § 1920(4) if necessarily obtained for use in the case. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 165 (3d Cir.2012) (noting the legislature changed the language of § 1920(4) from "for use at trial" to "for use in the case"); *Country Vintner of North Carolina, LLC, v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 257 (4th Cir.2013) (same); *In re Online DVD–Rental Antitrust Litigation*, 779 F.3d 914, 927 (9th Cir.2015) (noting the Ninth Circuit does not require a document to be introduced into the record to be recoverable as a copy); *Little Rock Cardiology Clinic v. Baptist Health*, 591 F.3d 591, 602 (8th Cir.2009) (citing *Slagenweit*, 63 F.3d 719) (noting the Eighth Circuit has upheld awards of costs for discovery-related expenses); *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir.2015) (citing *Little Rock* with approval for the proposition that a court can properly tax discovery-related copying costs); *CBT Flint Partners v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed.Cir.2013) (allowing recovery of discovery-related copying costs).

> This Court acknowledges the law regarding what qualifies as "making copies" within the meaning of § 1920(4) is inconsistent throughout the nation. However, in defining the term, and in the absence of prevailing Eighth Circuit precedent on this issue, this Court is persuaded by the

reasoning of the Federal Circuit and the Ninth Circuit in their interpretations of § 1920(4). *See CBT Flint Partners*, 737 F.3d 1320 (permitting the taxation of discovery-related costs for the production of metadata, imaging drives, file conversion, scanning, and load file production where all of the above are necessary to comply with a court order or production agreement between the parties, but excluding the costs of de-duplication, coding, document review, costs of setting up the data hosting server, keyword searching, and decryption); *In re Online DVD*, 779 F.3d at 928 (permitting taxation of costs for OCR, conversion to TIFF, and citing the reasoning of the Federal, Fourth, and Third Circuits in *CBT Flint*, *Country Vintner*, and *Race Tires* for their relatively inclusive definitions of "making copies"). In order to produce a "faithful production of electronically stored information," the term "making copies" should be construed to include the movant's costs of OCR scanning, TIFF conversions, the imaging of computer storage drives, the transfer of files from one drive or disc to another, the production of load files, and the extraction or imaging of metadata where required to provide a complete copy of a file if such metadata is requested by the opposing party, but shall exclude Bates labeling as a taxable cost. *See CBT Flint Partners*, 737 F.3d 1320 (Fed.Cir.2013); *In re DVD*, 779 F.3d at 928.

Plaintiff's objections regarding copies and third party management are

overruled.

**Video Depositions**

Plaintiff objects to the charge for synching the video transcript to the written

transcript. Defendant claims these charges have been found to be taxable as

reasonably necessary for a party to present videotaped depositions to a jury. The

Court disagrees. It is not a charge for the written transcript or the video of the

deposition. *See Alternative Med. & Pharmacy, Inc. v. Express Scripts, Inc.*, No.

4:14 CV 1469 CDP, 2016 WL 3443574, at *2 (E.D. Mo. June 23, 2016)("[The

Court] agree[s] with plaintiff that defendants cannot recover their synchronization

costs associated with this deposition, as 'synchronization of [the written and video deposition transcripts] is not a fee for the transcript. It is a part of a party's plan to present evidence to the jury, and...is not recoverable.' *Combs v. Cordish Companies, Inc.*, 2015 WL 5096009, at *4 (W.D. Mo. Aug. 28, 2015)." Defendant's Bill of Costs will be reduced by $2,110.00

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs, [Doc. No. 186], is granted in part and denied in part. Defendant's Bill of Costs shall be reduced by $3213.50.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Defendant and against Plaintiffs in the amount of $28,963.33.

Dated this 28th day of December, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE