# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TEDDY SCOTT, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 4:16-CV-1440 HEA |
| DYNO NOBEL, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Complete Reponses to Third Request for Production of Documents, [Doc. No. 79], Plaintiffs' Fourth Motion to Compel, [Doc. No. 84], and Plaintiffs' Sixth Motion to Compel [Doc. No. 160]. For the reasons set forth below, Plaintiff's Third, Fourth, and Sixth Motions to Compel will be granted, as specified below.

### Facts and Background

This case concerns the alleged injury of Plaintiffs Teddy Scott and Melanie Scott (collectively, "Plaintiffs") as a result of an chemical emission at a nitric acid manufacturing facility in Louisiana, Missouri owned by Defendant Dyno Nobel, Inc. ("Dyno Nobel" or "Defendant").

On August 29, 2018, this Court granted Defendant's motion for summary judgment on one of several bases advanced by Defendant. Accordingly, all

1

outstanding motions in the case, including the Motions to Compel which are the subject of the instant Opinion, Memorandum, and Order, were denied as moot. However, the United States Court of Appeals for the Eighth Circuit reversed and remanded for further proceedings before this Court. *Scott v. Dyno Nobel, Inc.*, 967 F.3d 741 (8th Cir. 2020). On May 4, 2021, this Court denied Defendant's motion for summary judgment on each of the remaining bases in their original motion. Currently, trial is set for April 18, 2022.

## Discussion

**Plaintiffs' Third Motion to Compel [Doc. No. 79]**

The subjects of Plaintiffs' Third Motion to Compel are three requests for production of documents served on Defendant in Plaintiffs' Third Set of Requests for Production, namely, requests # 41, # 43(a)-(c) & (e), and # 45.

Requests # 41 and # 45

In its original response to Plaintiffs' requests for production, Defendant objected to requests # 41 and # 45, stated that it had already produced responsive documents to requests # 41 and # 45, and stated that it *would produce* nonprivileged responsive documents to requests # 41 and # 45. Mem. in Supp. of Pls.' Mot. to Compel Ex. 2, [Doc. No. 80-2]. Although the response promising production of additional documents responsive to request # 45 was conditioned on their existence, ("Defendant will produce any additional nonprivileged responsive

2

documents in its possession or control, *if any*," (emphasis added)), no such condition was placed regarding request # 41. Id.

However, Defendant later told the Court that it has produced every document in its possession regarding requests # 41 and # 45, and that it "simply has no other documents to produce in response to these requests." Def.'s Opp'n to Mot. to Compel, [Doc. No. 81]. The Court will compel Defendant to produce all nonprivileged documents that are responsive to requests # 41 and # 45. Defendant will be further ordered to clarify its responses to requests #41 and #45 as required under Fed. R. Civ. P. 26(b)(5) and 34(b)(2)(C), noting whether any documents are being withheld as privileged or subject to an objection.

Request # 43

Request # 43 contains five subparts, (a)-(e). Subpart (d) is not at issue. Defendant's original responses to # 43 of Plaintiff's requests for production included several objections and a representation that it "will produce nonprivileged responsive documents in its possession or control, if any," regarding subparts a, b, c, and e. Mem. in Supp. of Pls.' Mot. to Compel Ex. 2 at 5, [Doc. No. 80-2].

In its opposition to Plaintiffs' motion to compel, Defendant told the Court that it does not have any documents that are responsive to subparts (c) and (e) and that it anticipated production of documents responsive to subparts (a) and (b) by March 1, 2018. Def.'s Opp'n to Mot. to Compel, [Doc. No. 81]. Almost six months

passed between Defendant's anticipated production date and the Court's initial entry summary judgment for Defendant on August 29, 2018.

Plaintiffs report in their Supplement to their Third Motion to Compel filed February 15, 2021 that they have not received any responsive documents to requests ## 43(a) and (b) and that Defendant refuses to withdraw its objections as to requests ## 43(c) and (e). The Court will compel Defendant to respond to requests ## 43(a), (b), (c), and (e), including clarifying statements addressing Fed. R. Civ. P. 26(b)(5) and 34(b)(2)(C) where necessary, if only to assert that no documents are being withheld as privileged or subject to an objection.

**Plaintiffs' Fourth Motion to Compel – Defendant's Net Worth [Doc. No. 85]**

The subject of Plaintiffs' Fourth Motion to Compel is documentary discovery related to Defendant's net worth. Plaintiffs contend that the discovery request is relevant because their Complaint sets forth a claim for punitive damages. Defendant argues that it should not be compelled to documents related to its net worth because "first, the evidence is not relevant to any claim at issue in this case; second, Plaintiffs have failed to plead a plausible basis for punitive damages; third, in any event, the Court should bifurcate discovery on punitive damages until Plaintiffs have made a prima facie case for an award of punitive damages." Defendants further argue that, even if Plaintiffs establish a prima facie case for

punitive damages, they are entitled only to evidence of Defendant' present net worth, more specifically, Defendant's current balance sheet.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the parties are entitled to obtain "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." A defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages. *Rippee v. WCA Waste Corp.*, No. 09-3402-CV-S-MJW, 2011 WL 13291651 at *1 (W.D.Mo. Jan. 6, 2011); *Doe v. Young*, 2009 WL 440478 at *2 (E.D.Mo. Feb. 18, 2009). *See also Bessier v. Precise Tool & Engineering Co., Inc.*, 778 F. Supp. 1509, 1514 (W.D.Mo. 1991) ("Plaintiff's counsel is clearly entitled to the discovery of financial records of defendant in order to prepare a case on the issue of punitive damages."). Federal district courts in Missouri have routinely held that a party need not make a prima facie case for punitive damages before requesting discovery of financial information. *See, e.g. Evantigroup, LLC v. Mangia Mobile, LLC*, No. 4:11-CV-1328 CEJ, 2013 WL 74372 (E.D.Mo. Jan. 7, 2013); *Rippee*, 2011 WL 13291651 at *1; *Doe*, 2009 WL 440478 at *2; *Christian v. Frank Bommarito Oldsmobile, Inc.*, 2009 WL 1657423 *3 (E.D.Mo. June 10, 2009).

The Court finds that Plaintiff is entitled to evidence of Defendant's net worth in advance of trial for their punitive damages claim. The information is

clearly relevant, and bifurcation based on Plaintiffs making a prima facie case of punitive damages is not warranted under the law. However, Plaintiffs' original request for financial documents dating from 2015 is now overly broad. The Court will limit the financial discovery to documents reflecting Defendant's current assets and liabilities. *See, e.g. Rippee*, 2011 WL 13291651 at *1; *Doe*, 2009 WL 440478 at *2. Namely, Defendants will be ordered to produce tax returns, annual reports, balance sheets, and profit and loss statements from 2019 to the present.

**Plaintiffs' Sixth Motion to Compel – 30(b)(6) Deposition [Doc. No. 160]**

Plaintiffs' Sixth Motion to Compel concerns a 30(b)(6) deposition. The relevant timeline is based on the parties' briefs and exhibit emails attached thereto:

In early March 2018, Defendant noted that the parties had agreed to flexibility around the scheduling of depositions, including allowing some to be taken after the discovery deadline of March 30, 2018. Plaintiffs provided Defendant with a list of outstanding depositions, including "Dyno 30(b)(6) – this might not be necessary if we work through the remaining discovery disputes, but we'll get you topics shortly."

On March 23, 2018, Plaintiffs sent a Notice of Rule 30(b)(6) Videotaped Deposition to Defendant, including a list of topics, with a date and time for the deposition of March 30, 2018 at 1:30 p.m. The next day, Defendant informed Plaintiff that March 30 would not work for the deposition. Defendant offered to

identify alternative dates for early April and asked Plaintiffs for their availability. One day later, Plaintiffs replied, "For the 30b6 [sic], that's fine and some of it may be unnecessary once you produce the documents." Plaintiffs also provided some unavailable April dates.

On April 4, 2018, at a hearing regarding discovery scheduling, the parties agreed to postpone the 30(b)(6) deposition until after mediation, which was then schedules for April 20. Mediation was later rescheduled to May 23. No resolution was reached at mediation.

In a June 18, 2018 email, Plaintiffs accused Defendant of failing to abide by the parties' agreement about remaining discovery, namely that Defendant had not given Plaintiffs dates for the 30(b)(6) deposition. Plaintiffs repeated this concern in a July 6, 2018 email to Defendant and asked for a date. This began a string of contentious emails between the parties regarding the 30(b)(6) deposition. In those emails, Defendant claimed Plaintiffs failed to raise the 30(b)(6) issue between April 4 and June 18, which was also after discovery closed, thus waiving it. Plaintiffs claimed that they never withdrew the 30(b)(6) notice and were waiting on dates for the deposition from Defendant.

In their motion to compel, Plaintiffs argue that the 30(b)(6) deposition was properly noticed before the close of discovery, and that the parties had discussed the 30(b)(6) deposition "well before" notice was issued. In opposition, Defendant

7

argues that the motion to compel was untimely filed in violation the case management order and that Plaintiffs have exceeded the number of depositions permitted under the Federal Rules of Civil Procedure and the case management order.

The Court rejects Defendant's claim that Plaintiffs waived, then untimely reraised, the 30(b)(6) deposition issue. Although the parties dispute the specific representations made by each side regarding the delay in scheduling the 30(b)(6) deposition, it is not clear that Plaintiffs ever waived it. Plaintiffs timely noticed the 30(b)(6) deposition, agreed with Defendant to postpone it until after the close of discovery, and further postponed it for mediation and rulings on the motions to compel. Although Plaintiffs' motion to compel was filed outside the time allowed by the case management order, that was apparently at least in part by agreement of the parties and due to sound considerations including the conservation of litigation resources. Plaintiffs' Sixth Motion to Compel will be granted.

**Conclusion**

For the reasons above, Plaintiffs' Third, Fourth, and Sixth Motions to Compel will be granted. With respect to the Fourth Motion to Compel, Defendant is ordered to produce tax returns, annual reports, balance sheets, and profit and loss statements from 2019 to the present.

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Complete Reponses to Third Request for Production of Documents [Doc. No. 79] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Fourth Motion to Compel [Doc. No. 84] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Sixth Motion to Compel [Doc. No. 160] is **GRANTED**.

Dated this 21st day of June, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE