# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **TEDDY SCOTT, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 4:16CV1440 HEA |
| ) | |
| **DYNO NOBEL, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Teddy Scott and Melanie Scotts' Motions in Limine and Defendant Dyno Nobel, Inc.'s Motions in Limine.

## Background

A jury trial is set to begin on April 18, 2022, in this case. Both parties have filed several Motions in Limine. Motions filed on behalf of Plaintiffs are denoted as ECF Document Numbers 317, 320, 322, 324, 327, 331, 334, 336, 338, 341 and 371. Motions filed on behalf of Defendant are denoted as ECF Document Numbers 333, 342, 345, 347, 349, 351, 353, 355, 357, 359, 361 and 363.

Each party complains that the other is likely, or will attempt to introduce evidence, either testimonial, or documentary, or otherwise on certain issues that is not probative on any issue, is prejudicial, is inflammatory, is calculated to confuse the jury, or simply is not relevant in any manner.

The Court has fully reviewed the pleadings and other documents of record, as well as statements put forth on the record in support of and in opposition to various previously filed matters.

**Plaintiffs' Motions In Limine**

Plaintiffs' Motion in Limine #1 seeks to exclude Defendant from making any mention in front of the jury about any chemical possibly stored and/or used at the Calumet plant without first getting Court's permission outside presence of jury. The Court will grant Plaintiffs' Motion in Limine #1 [Doc. No. 317] subject to Defendant's proper offer of proof and ability to demonstrate the connection to the Plaintiff Teddy Scott's illness.

Plaintiffs' Motion in Limine #2 seeks to exclude Defendant from making any mention in front of the jury about any apportionment and/or partial assignment of fault to Calumet without first getting Court's permission outside presence of jury. The Court will grant Plaintiffs' Motion in Limine #2 [Doc. No. 320] subject to Defendant's proper offer of proof.

Plaintiffs' Motions in Limine #3 and #4 seeks to exclude Defendant from making any mention in front of the jury about any apportionment and/or partial assignment of fault to Ardent Services, LLC (#3) and/or Bilfinger Westcon Inc. (#4). The Court will grant Plaintiffs' Motions in Limine #3 [Doc. No. 322] and #4 [Doc. No. 324].

Plaintiffs' Motion in Limine #5 seeks to exclude Defendant from making any mention in front of the jury about the topic regarding TruSouth Synthetic CD50. The Court will grant Plaintiffs' Motion in Limine #5 [Doc. No. 341].

Plaintiffs' Motion in Limine #6 seeks to exclude Defendant from making any reference in front of the jury regarding a purported good accident or safety record at the Dyno Nobel plant. The Court will grant Plaintiffs' Motion in Limine #6 [Doc. No. 327] in general, but deny it in part on the issue of knowledge of an unsafe condition.

Plaintiffs' Motion in Limine #7 [Doc. No. 331] regarding the purported use of marijuana or other illegal drugs is not relevant and will be granted by consent of the parties pursuant to the joint status report filed on April 7, 2022.

Plaintiffs' Motion in Limine #8 seeks to exclude Defendant from making any reference in front of the jury about Plaintiff Teddy Scott's application, eligibility and/or receiving of Workers' Compensation, Social Security, or other collateral source benefits. The Court will grant Plaintiffs' Motion in Limine #8 [Doc. No. 334] ==in part as to other collateral source benefits only and will deny it in part as to Workers' Compensation and Social Security.==

Plaintiffs' Motion in Limine #9 seeks to exclude Defendant from making any reference in front of the jury about any purported startup at Defendant's Louisiana, MO (LOMO) plant claiming to be similar to the events of March 20,

2015 that allegedly didn't result in injuries or emissions at ground level. The Court finds this not only to be irrelevant, but referencing other safe startups creates an impermissible conclusion that the startup at issue in this case was also safe. Therefore, the Court will grant Plaintiffs' Motion in Limine #9 [Doc. No. 336].

Plaintiffs' Motion in Limine #10 seeks to exclude Defendant from making any reference in front of the jury regarding the circumstances of an assault where Plaintiff Teddy Scott and his friend were victims, resulting in the death of his friend. The Court finds this topic is not relevant and will grant Plaintiffs' Motion in Limine #10 [Doc. No. 338].

Plaintiffs' Motion in Limine to Exclude the Testimony of Dr. Paolo Zannetti [Doc. No. 371] concerning air modelling is a question that goes to the weight of evidence rather than admissibility and will be denied.

Plaintiffs' Motion in Limine to use a jury questionnaire and limit rehabilitation of potential jurors [Doc. No. 366] was denied on April 11, 2022, during the Pretrial Status Conference hearing for the reasons stated on the record.

**Defendant's Motions in Limine**

Defendant's Motion in Limine #1 [Doc. No. 329] to exclude Plaintiffs from making any mention in front of the jury suggesting that Defendant intentionally withheld or destroyed any evidence was granted consistent with the parties'

4

stipulation on the record during the Pretrial Status Conference hearing on April 11, 2022.

Defendant's Motion in Limine #2 seeks to exclude Exhibit Numbers 186, 187, 188, 189, and 190, identified in Plaintiffs' Statement of Additional Material Facts, referring to DynoConsult, a consultation service relating to industrial explosives blasting, and any testimony related to said exhibits. Defendant argues any information which may be relevant to the services DynoConsult provides cannot be attributed to Defendant and its activities at the LOMO plant and will be misleading and prejudicial.  The Court will grant Defendant's Motion in Limine #2 [Doc. No. 333] in general, but deny in part as to the extent that it goes to the issue of knowledge regarding any dangerous properties of the chemical at question.

Defendant's Motion in Limine #3 seeks to exclude and/or redact the portions of the Subsequent Investigative Reports, which are EFI Global (Exhibit 147) and Heritage Environmental (Exhibit 97), that Defendant argues is hearsay. Plaintiffs' Response in Doc. No. 383 agrees to redact portions that resolve Defendant's raised objections. The Court will grant Defendant's Motion in Limine #3 [Doc. No. 342] in part and deny in part as reflected by Plaintiffs' Response agreeing to redact the objectionable portions.

Defendant's Motion in Limine #4 seeks to exclude OSHA Reports and Related Documents, which are identified in Plaintiffs' Statement of Facts in their

Summary Judgment Motion, as Exhibits 102, 102a and 102b. Plaintiffs' Response in Doc. No. 384 agrees to redact portions that resolve Defendant's raised objections. The Court will grant Defendant's Motion in Limine #4 [Doc. No. 345] in part and deny in part as to the limited purpose offered by Plaintiffs and in light of Plaintiffs redaction of objectionable and prejudicial portions.

Defendant's Motion in Limine #5 seeks to exclude (1) testimony regarding the dangers of exposure to nitric acid or nitrous oxides releases; and (2) admission of Plaintiffs' deposition Exhibits 10-12, 13A, 13B, 103 and 104, relating to the topic. Defendant's Motion in Limine #5 [Doc. No. 347] will be granted to the extent that the cause of action relates to NOx and not nitric acid or nitrous oxides.

Defendant's Motion in Limine #6 seeks to exclude documents and testimony regarding environmental regulations that do not apply to Defendant's LOMO plant on March 20, 2015. Defendant's Motion in Limine #6 [Doc. No. 349] will be granted.

Defendant's Motion in Limine #7 seeks to exclude Exhibits 152-153 and 192-198, identified in Plaintiffs' Statements of Facts in their Summary Judgment Motion. Defendant's Motion in Limine #8 seeks to prohibit Plaintiffs from commenting on, making reference to, testifying, introducing evidence, or making any argument during any phase of trial, including Reptilian Advocacy and Golden Rule arguments: (1) about personal or community safety; (2) equating some

generalized, community-based safety rules to the applicable legal standard of care, or (3) appealing to the jury's emotions or sense of self-protection or protection of others. Defendant's Motions in Limine #7 [Doc. No. 351] and #8 [Doc. No. 353] will be held in abeyance and any objections will be taken up at the proper time during trial.

Defendant's Motion in Limine #9 [Doc. No. 355] regarding the exclusion of all media account of the incident and Defendant's Motion in Limine #10 [Doc. No. 357] regarding the exclusion of prior incidents with employees, Statement of Fact 46-47 and Response to Interrogatory No. 6 will be granted by consent of the parties pursuant to the joint status report filed on April 7, 2022.

Defendant's Motion in Limine #11 [Doc. No. 359] seeks to exclude Exhibit 4, a photograph depicting smoke, used by Plaintiffs in several depositions. Because this is a matter of foundation and witness credibility, Defendant's Motion in Limine #11 [Doc. No. 359] is a question that goes to the weight of evidence rather than admissibility and will be denied.

Defendant's Motion in Limine #12 [Doc. No. 361] regarding the exclusion of Dr. Lukas Zebala's testimony regarding Plaintiff Teddy Scott's alleged medical condition of drop foot will be granted by consent of the parties pursuant to the joint status report filed on April 7, 2022.

Defendant's Motion in Limine #13 seeks to exclude any purported expert testimony about legal issues, including about whether Defendant's compliance with its air permit released it from liability. Defendant's Motion in Limine #13 [Doc. No. 363] will be granted to the extent the witness cannot testify as to legal conclusions or interpret the law.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion in Limine #1 [Doc. No. 317] is **GRANTED** subject to Defendant's proper offer of proof and ability to demonstrate the connection to the illness of Plaintiff Teddy Scott.

**IT IS FURTHER ORDERED** Plaintiffs' Motion in Limine #2 [Doc. No. 320] is **GRANTED** subject to Defendant's proper offer of proof.

**IT IS FURTHER ORDERED** Plaintiffs' Motions in Limine #3 [Doc. No. 322], #4 [Doc. No. 324] and #5 [Doc. No. 341] are **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiffs' Motion in Limine #6 [Doc. No. 327] is **GRANTED** in general, but **DENIED IN PART** on the issue of knowledge of an unsafe condition.

**IT IS FURTHER ORDERED** Plaintiffs' Motion in Limine #7 [Doc. No. 331] is not relevant and **GRANTED** by consent of the parties pursuant to the joint status report filed on April 7, 2022.

**IT IS FURTHER ORDERED** Plaintiffs' Motion in Limine #8 [Doc. No. 334] is **GRANTED IN PART** as to other collateral source benefits only and **DENIED IN PART** as to Workers' Compensation and Social Security.

**IT IS FURTHER ORDERED** Plaintiffs' Motions in Limine #9 [Doc. No. 336] and #10 [Doc. No. 338] are **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiffs' Motion in Limine to Exclude the Testimony of Dr. Paolo Zannetti [Doc. No. 371] is a question that goes to the weight of evidence rather than admissibility and is **DENIED**.

**IT IS FURTHER ORDERED** Defendant's Motion in Limine #2 [Doc. No. 333] is **GRANTED** in general, but **DENIED IN PART** as to the extent that it goes to the issue of knowledge regarding any dangerous properties of the chemical at question.

**IT IS FURTHER ORDERED** Defendant's Motion in Limine #3 [Doc. No. 342] is **GRANTED IN PART** and **DENIED IN PART** as reflected by Plaintiffs' Response agreeing to redact the objectionable portions.

**IT IS FURTHER ORDERED** Defendant's Motion in Limine #4 [Doc. No. 345] is **GRANTED IN PART** and **DENIED IN PART** as to the limited purpose offered by Plaintiffs and in light of Plaintiffs redaction of objectionable and prejudicial portions.

**IT IS FURTHER ORDERED** Defendant's Motion in Limine #5 [Doc. No. 347] is **GRANTED** to the extent that the cause of action relates to NOx and not nitric acid or nitrous oxides.

**IT IS FURTHER ORDERED** Defendant's Motion in Limine #6 [Doc. No. 349] is **GRANTED.**

**IT IS FURTHER ORDERED** Defendant's Motions in Limine #7 [Doc. No. 351] and #8 [Doc. No. 353] are **HELD IN ABEYANCE** and any objections will be taken up at the proper time during trial.

**IT IS FURTHER ORDERED** Defendant's Motions in Limine #9 [Doc. No. 355], #10 [Doc. No. 357] and #12 [Doc. No. 361] are **GRANTED** by consent of the parties pursuant to the joint status report filed on April 7, 2022.

**IT IS FURTHER ORDERED** Defendant's Motion in Limine #11 [Doc. No. 359] is a question that goes to the weight of evidence rather than admissibility and is **DENIED**.

**IT IS FURTHER ORDERED** Defendant's Motion in Limine #13 [Doc. No. 363] is **GRANTED** to the extent the witness cannot testify as to legal conclusions or interpret the law.

Dated this 14th day of April, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE