UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEDDY SCOTT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16CV1440 HEA |
| | ) |
| DYNO NOBEL, INC., | ) |
| | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dyno Nobel's Motion for New Trial Based on Legal and Evidentiary Errors [Doc. No. 474].  Plaintiffs oppose the Motion.  For the reasons set forth below, the Motion will be denied.

### Background

Plaintiff Teddy Scott ("Scott"), a worker at a neighboring facility, and his wife, Melanie Scott, brought this action against Defendant, a nitric acid manufacturing plant operator, alleging that nitric oxides from the plant caused severe injuries to Scott. This matter was tried before a jury beginning on April 18, 2022, and concluding on April 29, 2022. The Court denied Defendant's motion for judgment as a matter of law at the close of all the evidence. The jury returned its verdict in favor of Plaintiffs and against Defendant on April 29, 2022, for negligence and loss of consortium. Damages were assessed as follows: actual

damages to Scott in the amount of $13,750,000; actual damages to Melanie in the amount of $3,000,000; and punitive damages against Defendant in the amount of $30,000,000.

Defendant now requests a new trial based on legal and evidentiary errors.[1]

## Legal Standard

Federal Rule of Civil Procedure 59(a) provides, in pertinent part, "The court may, on motion, grant a new trial on all or some of the issues—and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994); *See also, Manning v. Jones*, 875 F.3d 408, 410 (8th Cir. 2017). "Motions for new trials are generally disfavored." *United States v. Fetters*, 698 F.3d 653, 656 (8th Cir. 2012) (citation omitted). A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *Bank of America N.A. v. JB Hanna, LLC,* 766 F.3d 841, 851 (8th Cir. 2014); *See*

---

[1] The Court denied Defendant's Motion for Judgment as a Matter of Law at the close of all the evidence. Defendant also filed a Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial or an Order for Remittitur (Doc. No. 476), which the Court addressed in a separate Order (Doc. No. 494).

*also, White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992).

However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. Fed. R. Civ. P. 61. "In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir. 1992) (citing *White*, 961 F.2d at 780). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.'" *White*, 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist.*, 712 F.2d 339, 344 (8th Cir. 1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King*, 980 F.2d at 1237.

"The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).  The district court's authority to grant a new trial should be exercised sparingly and with caution. *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002).

3

## Discussion

**Instructions**

When the jury instructions are challenged, the question is "whether the jury instructions, taken as a whole, fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case." *Lee ex rel. Lee v. Borders,* 764 F.3d 966, 971 (8th Cir. 2014). "Reversal is only warranted if a party's substantial rights are prejudiced by instructional error." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 720 (8th Cir. 2008) (citing *Burry v. Eustis Plumbing & Heating, Inc.*, 243 F.3d 432, 434 (8th Cir. 2001) ("We will order a new trial only if the error misled the jury or had a probable effect on its verdict." (internal marks omitted)). Jury instructions are generally committed to the sound discretion of the trial court, and the trial court is entitled to a great deal of deference in their formulation. *Friedman & Friedman, Ltd. v. Tim McCandless, Inc.,* 606 F.3d 494, 499 (8th Cir. 2010). "The instructions need be neither technically perfect nor a model of clarity." *Id.* "The jury instructions are to be considered in their entirety and even a single, erroneous instruction (which Plaintiffs do not concede exists in this case) does not require reversal if the charge as a whole fairly and adequately submits the issue to the jury." *Bauer v. Curators of the University of Missouri,* 2011 WL 2940455, at *2 (W.D.Mo. July 19, 2011).

Foreseeability

Defendant contends that the instructions did not fairly and adequately state Missouri law[2] on foreseeability, which affected its substantial rights.

Under Missouri law, foreseeability is defined as "the presence of some probability or likelihood of harm sufficiently serious that ordinary persons would take precautions to avoid it." *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo. 2000). The risk of harm must exist with "some probability of sufficient moment to induce the reasonable mind to take precautions which would avoid it." *Id*. A "duty exists when a general type of event or harm is foreseeable." *Pierce v. Platte-Clay Elec. Co-op, Inc.,* 769 S.W.2d 769, 776 (Mo. 1989).

There is no Missouri Approved Instruction (MAI) on foreseeability. "The court must adopt an instruction that follows the substantive law and can be readily understood by the jury." *Brancati v. Bi-State Dev. Agency*, 571 S.W.3d 625, 642 (Mo. App. 2018).

Instruction 16, which is MAI 11.07, mirrors the definition of foreseeability and stated:

> The term "negligent" or "negligence" as used in these instructions means the failure to use ordinary care. The phrase "ordinary care"

---

[2] When exercising diversity jurisdiction, like in this case, the forum state's substantive law to any state-law claims is applied. *Bazzi v. Tyco Healthcare Grp., LP,* 652 F.3d 943, 946 (8th Cir. 2011).

5

means that degree of care that an ordinarily careful person would use under the same or similar circumstances.
Then the special interrogatory on the verdict form asked the jury that very question:

> Did the circumstances on March 20, 2015, create some probability of harm to someone on a neighboring facility sufficiently serious that ordinary persons would take precautions to avoid it?

The jury responded "Yes."

The jury was accurately instructed on foreseeability. The instructions also satisfy the Eighth Circuit's directive in this case. The Eighth Circuit found that foreseeability is an issue for the jury, and "a reasonable jury could find that the circumstances of the emissions in this case created 'some probability or likelihood of harm sufficiently serious that ordinary persons would take precautions to avoid it.'" *Scott v. Dyno Nobel, Inc.*, 967 F.3d 741, 747 (8th Cir. 2020).

Instruction 17 (Verdict Director)

Defendant next argues that Instruction 17 ("the verdict director") erroneously instructed the jury regarding breach.

The verdict director states:

Your verdict must be for plaintiffs if you believe:

*First*, defendant breached its duty of care by either:
failing to wait to startup its plant until after working hours, or
failing to follow its work procedures, or
failing to consider the weather conditions before starting up its plant, or

6

> failing to continuously watch its smoke during the startup, or failing to warn its neighbors about the dangers of its emissions before the startup.
>
> *Second,* defendant, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
>
> *Third*, as a direct result of such negligence, plaintiffs sustained damages.
>
> Your verdict must be for defendant and against plaintiffs unless you believe defendant breached its duty of care, was negligent, and plaintiffs sustained damages as a direct result of such negligence

Defendant first argues that the addition of "breached its duty of care" in the first paragraph improperly tied the five factual predicates to an assumed breach.[3] The verdict director clearly instructed the jury that the verdict "must be for defendant and against plaintiffs unless [they] believe defendant breached its duty of care." Additionally, when read in conjunction within the context of all the instructions, the jury was properly instructed regarding breach. Instructions are not reviewed individually but are taken as a whole. *Sherman*, 532 F.3d at 720. There was no assumption of a breach at all.

Defendant next argues that the list of factual predicates in the verdict director were in the disjunctive and not supported by the evidence.  A modification of MAI 17.02 was appropriate for the submission of each of Plaintiffs' negligence

---

[3] Defendant also claims that this assumption affected its substantial rights by erroneously adopting the standard of care opinions of Jennifer Morningstar's testimony. The Court addressed this argument in its Order dated August 31, 2022 (Doc. No. 494), denying Defendant's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial or an Order for Remittitur, and declines to do so again.

7

causes of action. *Elam v. Alcolac, Inc.,* 765 S.W.2d 42, 204 (Mo. App. W.D. 1988). MAI 17.02 frames multiple negligent acts in the disjunctive. In disjunctive submissions, each element must be supported by evidence. *Wolfe v. Harms*, 413 S.W.2d 204 (Mo. 1967).

Contrary to Defendant's position, Plaintiffs submitted evidence to support each of the five factual predicates as outlined in their response to the instant motion. For instance, Plaintiffs presented evidence that Defendant knew that the second startup was dangerous because workers were present next door, and the weather conditions could increase the risk of emissions from not rising and/or be scattered at ground level, potentially endangering the nearby workers. Professional Engineer Jennifer Morningstar opined that Defendant should have warned neighboring facilities of the startup and informed them about the possible presence of toxic emissions. Even without Morningstar's testimony, the jury heard other testimony about industry standards, which required Defendant to follow the safety hierarchy to eliminate/reduce hazards. Defendant's own employees and chemical engineering expert, also referenced in Defendant's policies, confirmed that an ordinary careful nitric acid plant must make sure its NOx emissions were not capable of being breathed in by a potentially affected neighbor. Defendant also chose not to follow its work procedures when continuing the second startup by not purging the rich NOx gas or conducting a "Take5!," designed as a safety step

8

before moving forward when an operation changes, as it did here. Further, Defendant had access to live data showing when NOx was moving through its system, but did not monitor the NOx emissions during startup, even though there were people nearby.

Taken as a whole, the Court finds the jury instructions fairly and adequately represented the evidence and applicable law in light of the issues presented to the jury. *Swipies v. Kofka,* 419 F.3d 709, 716 (8th Cir. 2005) (internal quotation marks and citation omitted). The Court finds nothing to suggest that the instruction "misled the jury or had a probable effect on the verdict." *Friedman,* 606 F.3d at 499 (quoting *Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.,* 460 F.3d 1047, 1054 (8th Cir. 2006)).

**Exclusion of Prior Startup Evidence**

Defendant next claims that the Court erred in precluding Defendant from introducing evidence that nothing like this had happened before, which did not allow the jury to properly assess whether the risk to Scott was foreseeable. Generally, the argument against evidence of the absence of prior incidents is that such evidence does not prove a lack of negligence on the occasion in question. *Dunn v. Wal-Mart Stores, Inc.,* 909 S.W.2d 728, 734 (Mo. App. 1995). Evidence of other startups that didn't result in an exposure could possibly be admissible "only if the incidents 'occurred under circumstances substantially similar to those

9

at issue in the case at bar.'" *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 913 (8th Cir. 2017); *Hale v. Firestone Tire & Rubber Co*., 756 F.2d 1322, 1332 (8th Cir. 1985). Defendant was given an opportunity at trial to submit proffer of proof for this evidence, and it failed to do so. The introduction of evidence regarding other safe startups would suggest an impermissible conclusion that that the startup at issue in this case was also safe, thus it was properly excluded.

**Jennifer Morningstar's Expert Testimony**

Defendant's arguments that Morningstar's testimony should have been excluded are without merit as her qualifications clearly substantiate her as an expert in the fields of chemical engineering.

An expert is one who has specialized "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "Expert testimony should only be used if it will help the jury better understand the evidence, the 'testimony is based on sufficient facts or data,' the testimony is based on 'reliable principles and methods,' and the 'expert has reliably applied the principles and methods to the facts of the case.'" *Kozlov v. Associated Wholesale Grocers, Inc*., 818 F.3d 380, 394 (8th Cir. 2016) (quoting Fed. R. Evid. 702). It is within "the broad discretion of the trial court" whether to allow specific expert testimony. *Bradshaw v. FFE Transp. Servs., Inc.,* 715 F.3d 1104, 1107 (8th Cir. 2013) (quoting *Anderson v. Raymond Corp.,* 340 F.3d 520, 523 (8th Cir. 2003)).

Morningstar's background, qualifications, methodology and the extent to which she was allowed to testify with respect to the standards of care to which an ordinarily careful nitric-acid plant must adhere was addressed more than once by this Court in pretrial motions. Morningstar testified as anticipated. She has a B.S. degree in chemical engineering, is a licensed Professional Engineer and has over fifteen years of work experience as an engineer or consultant in chemical plants. In addition, Morningstar has firsthand experience working in a chemical plant that performed startups and emitted dangerous chemicals through a smokestack. She also has an OSHA-based certification in process hazard analysis. Morningstar's opinion that Defendant should have warned neighboring facilities of the startup and informed them about the possible presence of toxic emissions was based on her experience and education, as well as the industry "norm" the employees have the right to know of hazards in their workplaces. The jury heard the testimony regarding the applicable standards for the industry standard, known as the engineering safety hierarchy, and the data she relied on for her opinion. This testimony aided the jury in making its determination as it related to the facts of this case. Morningstar's testimony was properly limited and properly allowed.

**NOx Abatement Technology**

Defendant contends the Court erred in admitting evidence related to NOx abatement technology. The jury heard evidence that the plant's air permit had been

11

grandfathered in, making it the only plant of Defendant's that did not have NOx abatement technology that would assist in eliminating the amount of NOx released into the air. Defendant's claim that this evidence was confusing for the jury or prejudicial is not convincing. This evidence was probative to Plaintiffs' negligence claim and the undisputed industry standards that required Defendant to follow the safety hierarchy to eliminate that hazard. Further, the NOx abatement technology evidence did not impact the jury's ultimate verdict. "[A] new trial is only an appropriate remedy when an aggrieved party proves prejudice, meaning that the result at trial would have been different if not for the district court's error." *Acuity v. Johnson*, 776 F.3d 588, 596 (8th Cir. 2015) (citations omitted).

**Bifurcation**

Defendant argues that the Court erred in declining to bifurcate the jury's determination of liability and compensatory damages from its assessment of any punitive damages because the jury heard evidence about Defendant's net worth.

Under Federal Rule of Civil Procedure 42, trial courts may bifurcate trials "for convenience, to avoid prejudice, or to expedite and economize…" Fed. R. Civ. P. 42(b). "The decision of whether to isolate the punitive damages phase of the trial is within the sound discretion of the trial court." *Thorne v. Welk Inv., Inc.,* 197 F.3d 1205, 1213–14 (8th Cir. 1999). "When determining whether bifurcation is appropriate, 'district courts should consider the preservation of constitutional

12

rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion.'" *Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 499 (8th Cir. 2009) (quoting *O'Dell v. Hercules, Inc.,* 904 F.2d 1194, 1201–02 (8th Cir. 1990)). In this case, none of these considerations warranted bifurcating liability and damages. See *Est. of Thompson v. Kawasaki Heavy Indus.,* Ltd., 933 F. Supp. 2d 1111, 1138 (N.D. Iowa 2013) (denying the defendant's motion to bifurcate concluding "bifurcation of the interwoven issues of liability and punitive damages would be inconvenient, confusing, and result in a loss rather than a gain in judicial economy and economy to the parties"); *See generally,* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 388 (3d ed. 2012).

## Conclusion

Defendant has failed to establish that it is entitled to a new trial based on legal and evidentiary errors. "Absent error affecting the substantial rights of the parties, neither reversal nor a new trial is required." *Hoffmeyer v. Porter,* 758 F.3d 1065, 1068 (8th Cir. 2014) (citation omitted). Therefore, Defendant's Motion will be denied.

Accordingly,

13

**IT IS HEREBY ORDERED** that Defendant's Motion for New Trial Based on Legal and Evidentiary Errors [Doc. No. 474] is **DENIED.**

Dated this 1st day of September, 2022.

                                                      _____
                                                        HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE